IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| EUGENE SCALIA, <br> SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br> Plaintiff, <br> <br> v. <br> <br> TOP JOB SERVICES, INC., and <br> RICHARD REESE, individually, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION FILE <br> NO. 4:20-cv-103 |

## COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, including the restraint of any withholding of payment of minimum wage and overtime compensation found by the Court to be due to Defendants' employees, pursuant to section 17 of the Act.

## Parties

1. Plaintiff is the Secretary of Labor, United States Department of Labor. He brings this action to enjoin Defendant from violating the provisions of sections 15(a)(2) and 15(a)(5) (29 U.S.C. §§ 215(a)(2) and 215(a)(5)) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201 et seq.) ("the Act").

2. Defendant Richard Reese resides within the jurisdiction of this Court, and is the sole owner and operator of Top Job Services, Inc. Defendant Richard Reese, at all relevant times, and since at least September 18, 2016, has been an employer within the meaning of section 3(d) of the Act.

3. Defendant Top Job Services, Inc. is a corporation with its principal place of business located at 3084 104th St, Urbandale, IA, within the jurisdiction of this Court.

### Enterprise, Interstate Commerce, and Jurisdiction

4. This Court has jurisdiction pursuant to section 17 of the Act, 29 U.S.C. 217; this Court also has jurisdiction under 28 U.S.C. §1345.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. At all times relevant to this Complaint, the activities of Defendants, since at least September 18, 2016, Defendants' enterprise has had (i) employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; therefore, Defendant's enterprise is, and was, an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1)(A) of the Act (29 U.S.C. § 203(s)(1)(A)).

### Factual allegations

6. During the period September 18, 2016 to December 31, 2019, Defendants employed certain non-exempt employees in various positions at his bakery location.

7. Defendants did not pay to certain employees overtime compensation for hours worked by the employees in excess of 40 hours in one or more workweeks.

8. Defendants did not make, keep and preserve required records accurately.

9. Defendants did not make, keep and preserve time records showing the hours actually worked each workday and the total hours actually worked each workweek by all employees.

**Violations of the Act**

21.     Defendants violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating these employees at overtime rates of not less than one and one-half times the regular rates at which they were employed.

23.     Defendant violated the provisions of sections 11(c) and 15(a)(5) of the Act, by failing to make, keep, and preserve adequate and accurate records of their employees' wages, hours, and other working conditions and practices of employment, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment as follows:

A.      For an order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendant, his officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice thereof, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act;

B.      Such other further relief as the Court deems necessary and appropriate.


Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor
IL Bar #6204656

s/Kim Prichard Flores
Kim Prichard Flores

Counsel for Wage and Hour
Maryland Bar


s/ Ambriel Renn-Scanlan
Ambriel Renn-Scanlan
Trial Attorney
MO Bar # 53818

Office of the Solicitor
U.S. Department of Labor
2300 Main Street, Suite 1020
Two Pershing Square Building
Kansas City, MO 64108
Telephone: (816) 285-7260
Facsimile: (816) 285-7287
E-mail: renn-scanlan.ambriel@dol.gov

Attorneys for Secretary of Labor

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2020, I sent notification of such filing to the party listed below:

Joseph F. Moser
Finley Law Firm, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA 50309
P: 515.288.0145 |
jmoser@finleylaw.com

                                                             s/ Ambriel Renn-Scanlan