IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| EUGENE SCALIA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br>Plaintiff,<br><br>v.<br><br>TOP JOB SERVICES, INC., and<br>RICHARD REESE, individually,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>NO. 4:20-cv-103 |

**CONSENT JUDGMENT**

Plaintiff having filed his complaint and Defendants having agreed to the entry of this Judgment without contest pursuant to an agreement between the parties;

It is, therefore, upon motion of the Plaintiff, and for cause shown: ORDERED, ADJUDGED, AND DECREED that Defendants Top Job Services, Inc., and Richard Reese, Individually ("Defendants"), and those persons in active concert or participation with Defendants who receive actual notice of this Judgment, are hereby permanently enjoined and restrained from violating the provisions of §§ 15(a)(2), 15(a)(3), 15(a)(4), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) (hereinafter the "Fair Labor Standards Act"), in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 206 and 215(a)(2), fail to pay their employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 an hour, or any rate subsequently made applicable by amendment to the Fair Labor Standards Act, absent the applicability of any exemptions allowed under the Fair Labor

Standards Act;

2. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed, absent the applicability of any exemption allowed under the Fair Labor Standards Act;

3. Defendants shall not, contrary to 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep, and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions, and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Fair Labor Standards Act (29 C.F.R. § 516). Defendants shall make such records available at all reasonable times to representatives of the Plaintiff upon request;

4. Defendants shall not, contrary to 29 U.S.C. §§ 212(c) and 215(a)(4), employ any oppressive child labor in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act and the regulations promulgated pursuant thereto. Defendants further shall not, contrary to 29 U.S.C. §§ 212(d) and 215(a)(4), fail to maintain and obtain date of birth records for employees under the age of 19 as prescribed by the regulations issued, and from time to time amended, pursuant to section 12(d) of the Fair Labor Standards Act.

5. Defendants shall not, contrary to 29 U.S.C. §215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the Fair Labor Standards Act, or has testified or is about to testify in any such proceeding;

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Defendants shall immediately begin complying with all provisions of the Fair Labor Standards Act.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, nothing in this Judgment affects the rights of any current or former employees with respect to any claimed violations of the Fair Labor Standards Act. Further, nothing in this Judgment precludes Plaintiff from enforcing violations of the Fair Labor Standards Act against Defendants that occurred at times or locations other than those identified in this Judgment, and nothing in this Judgment shall prevent Defendants from asserting their defenses to such violations.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney's fees, costs and other expenses which may be available under the Equal Access to Justice Act, as amended.

DATED this 24th day of March, 2020.

JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Entry of this Judgment is hereby consented to:

FOR DEFENDANTS:

Defendant Top Job Services, Inc.

By s/Richard Reese

Defendant Richard Reese, individually

By s/Richard Reese
Richard Reese

FOR PLAINTIFF, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR:

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

s/Ambriel Renn-Scanlan
Ambriel Renn-Scanlan
MO Bar #58527
Attorney
Office of the Solicitor
U.S. Department of Labor
2300 Main, Suite 1020
Kansas City, MO 64108
(816) 285-7260
(816) 285-7287 (fax)
renn-scanlan.ambriel@dol.gov

Attorneys for Secretary of Labor
U.S. Department of Labor